(Pleito No. 185.—Fallado el 2 de Abril de 1902.)

## BRAVO contra FRANCO.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Mayagüez.

1.—DIVORCIO. La Ley del Congreso de los Estados Unidos titulada "Ley para proveer temporalmente de rentas y un Gobierno Civil á la Isla de Puerto Rico y para otros fines," aprobada el doce de Abril de mil novecientos, en su sección 8 declara competentes á los Tribunales de Puerto Rico para decretar el divorcio absoluto en caso de adulterio por parte de cualquiera de los cónyuges.

2.—LA JURISPRUDENCIA AMERICANA ES LA QUE DEBE INTERPRETARSE. Dicha Ley del Congreso debe ser aplicada de acuerdo con los principios establecidos en la jurisprudencia americana, ó interpretarse con arreglo á la misma.

3.—JURISPRUDENCIA ESPAÑOLA. La jurisprudencia española en casos de adulterio no se diferencia en gran manera de la jurisprudencia de los Estados Unidos.

4.—PRUEBA DIRECTA. No es de esperarse prueba directa si se tiene en cuenta la naturaleza y carácter privado que rodean al adulterio.

5.—PERDÓN. Mero perdón del agravio no es suficiente, sino que se hace menester que la unión de las partes continúe y que los derechos conyugales se restablezcan.

6.—PERDÓN Y RECONCILIACIÓN. El perdón y la reconciliación han de probarse claramente y con tales pruebas que no dejen duda de ninguna clase.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, el día dos de Abril de mil novecientos dos, en el pleito de divorcio que ante Nos pende, entre Alberto Bravo y González, como recurrente, y Angélica Franco y Soto, como recurrida: representado el primero en este Tribunal, por el Letrado Don José de Diego, y no habiéndose mostrado parte la recurrida.—Resultando: Que el día siete de Mayo de mil novecientos uno, el recurrente, Alberto Bravo y González, representado por su Abogado Don José de Diego, entabló demanda en el Tribunal de Distrito de Mayagüez, contra su esposa María de los Ángeles, ó Angélica Franco y Soto, cuya demanda contiene diferentes alegaciones, de las cuales se consignarán las siguientes:—Resultando: Que el veinte y dos de Octubre de mil ochocientos noventa y dos, el

recurrente y la recurrida se casaron legalmente en la Iglesia Parroquial de Sabana Grande, en la Isla de Puerto Rico, cuyo hecho consta por una certificación expedida en debida forma, por el Registro Civil, y presentada en este pleito; y de su matrimonio habían tenido tres hijos: "Alberto Juan", nacido el veinte y nueve de Agosto de mil ochocientos noventa y tres; "Angel", el día dos de Agosto de mil ochocientos noventa y cuatro; y "Alice Agustina", "Angélica", el veinte y uno de Agosto de mil ochocientos noventa y seis; de los cuales, sólo el primero y la última viven, habiendo muerto el segundo, el dos de Enero de mil ochocientos noventa y cinco.—Resultando: Que dichos esposos vivieron felices y en perfecta harmonía, hasta el día once de Junio de mil ochocientos noventa y nueve, en que la recurrida, á pesar de sus solemnes votos matrimoniales, cometió adulterio con Luis Becerra y Lacot.—Resultando: Que el recurrente, en dicho día once de Junio, como á las diez y media de la noche, llegó á su casa, y se retiró á dormir, llamándole la atención la conducta extraña de su esposa, que le produjo sospechas, y hacia la media noche, cuando su esposa podía presumir que estaba dormido, la vió entrar en una habitación, y siguiéndola silenciosamente, la encontró con Becerra, solos en la indicada habitación, ella ligeramente vestida y él con la ropa desordenada y descubierto, y estando ambos en condiciones tales, que debía producirse la convicción de que había tenido lugar entre ellos un acto carnal; dando lugar á un altercado, con expresiones duras, en el que la recurrente expresó su deseo de marcharse con su amante, lo cual verificó, marchándose los dos á la casa de Becerra, y como una ó dos horas más tarde, salieron en coche para Sabana Grande, donde vivían los padres de la recurrida, en cuyo lugar el citado Becerra la dejó.—Resultando: Que el expresado Becerra ocupaba en este tiempo un puesto judicial en la Isla, del cual fué destituído por este escandaloso suceso, abandonando desde entonces el país.—Resultando: Que en el curso de las pruebas del pleito, el recurrente presentó al

Tribunal las cartas cambiadas entre su esposa y su amante, con anterioridad al citado día once de Junio de mil ochocientos noventa y nueve, y también algunas dirigidas por la recurrida al recurrente, después de dicho día, en que ella, virtualmente confesó su culpa, y solicitó el perdón.—Resultando: Que en la súplica de la demanda se solicita declarar el divorcio *ad vinculum*, y por él disuelto en absoluto; poner á los hijos procreados en dicho matrimonio, bajo la potestad y protección del marido, y dictar la sentencia sin especial condenación de costas.—Resultando: Que la recurrida, después de haber sido citada en debida forma, compareció, representada por su Abogado Don Luis Méndez, y dentro del término prescrito por la ley, presentó su contestación á dicha demanda, en cuya contestación niega, entre otras cosas, la jurisdicción del Tribunal de Distrito de Mayagüez, y hace otras alegaciones en defensa propia, de las que este Tribunal Supremo no estima oportuno hacer referencia.—Resultando: Que la recurrida también niega en absoluto los cargos de adulterio consignados en la demanda, y alega que todo lo que posiblemente pudiera deducirse de las manifestaciones contenidas en la misma, era una tentativa de cometer adulterio; y que después de todo, esa tentativa no tenía otra base que la imaginación del recurrente, y que si los hechos consignados en la demanda eran ciertos, ó sea, que la recurrida había cometido adulterio con el citado Becerra, según se le acusaba en dicha demanda, el recurrente después del día once de Junio de mil ochocientos noventa y nueve demostró por sus actos que había perdonado á la recurrida; asimismo manifestó de muchas maneras su convicción de que nunca había creído en la infidelidad de su esposa.—Resultando: Que de la sección de la prueba aparece, entre otras, distintas cartas dirigidas á la recurrida por un tal Arturo Gigante, en las cuales se trata de crear la presunción de que el recurrente se proponía reconciliarse con su esposa.—Resultando: Que sustanciado el pleito por sus trámites, y recibidas declaraciones de diversos testigos, el Tri-

bunal consignó entre sus conclusiones, que si bien se podía afirmar que habían existido relaciones ilícitas entre la recurrida y Arturo Becerra, no se habían acreditado los hechos por pruebas tan absolutas y con tal grado de certidumbre, que el Tribunal estuviese autorizado para declarar que se había consumado el adulterio, expresándose, además, que aun admitido que la recurrida hubiera cometido el adulterio de que se le acusaba en la demanda—lo cual no se acepta—el recurrente había perdonado la ofensa y se había efectuado una reconciliación entre los citados esposos; por cuyas razones, y demás fundamentos, el Tribunal de Distrito declaró sin lugar la demanda de divorcio.—Resultando: Que contra dicha resolución interpuso el demandante recurso de casación ante este Tribunal Supremo, consignando sus motivos en un extenso escrito del cual sólo se apreciará la parte pertinente que se expresa á continuación:—1.º Error de hecho y de derecho en la apreciación de la prueba sobre el adulterio de la demandada, resultando el error á facto de documentos auténticos, autorizado por el artículo 1,690, número 7 de la Ley de Enjuiciamiento Civil y por la sección 79 de la Orden 118, serie mil ochocientos noventa y nueve—2.º Error en la apreciación de las otras pruebas del adulterio, fundándose en las sentencias del Tribunal Supremo español ,dictadas en diez y seis de Enero de mil ochocientos noventa y uno y dos de Junio de mil ochocientos ochenta y tres; habiéndose infringido el artículo 658 de la Ley de Enjuiciamiento Civil.—3.º Error de hecho y de derecho en la apreciación del valor probatorio de las cartas que obran en autos, dirigidas por Arturo Gigante á la demandada é infringiendo el artículo 1,228 del Código Civil.—4.º Error de la apreciación de los otros y de todos los medios con que se intentó demostrar la reconciliación.—5.º Error en la apreciación del conjunto de las pruebas, así en cuanto al adulterio como á la reconciliación.— 6.º Disposiciones contradictorias en el fallo, artículo 1,690, inciso 4.º de la Ley de Enjuiciamiento Civil.—7.º No contener el fallo declaración sobre una de las peticiones de la

demanda, artículo 1,690, inciso 3º de la ley Civil procesal.—
El segundo de los pedimentos definitivos de la demanda ex-
presa que los hijos procreados en el matrimonio sean puestos
bajo la potestad y protección del marido, correspondiente
esta petición al fundamento 8º del citado escrito, que alega
en su apoyo el artículo 73, efecto 2º del Código Civil y el
fallo no resuelve sobre este punto importantísimo, violando
el artículo 358 de la mencionada Ley de Enjuiciamiento.—
8º   Violación del artículo 1,976 del Código Civil que deroga
los cuerpos legales anteriores en las materias tratadas por el
citado Código; el considerando 3º, invoca la ley 6ª, título
9º de la Cuarta Partida que está derogada por el artículo
1,976 del Código Civil vigente.—9º   Aplicación improce-
dente del derecho de las Partidas al caso de autos; motivo
que como el anterior, aparece autorizado por el artículo
1,690, caso 1º de la Ley de Enjuiciamiento Civil.—El Con-
siderando 3º de la sentencia recurrida aplica indebidamente
la Ley VI, título IX de la Cuarta Partida.—10º   Aplicación
indebida del artículo 74 del Código Civil que previene que
la reconciliación pone término al divorcio y deja sin efecto
ulterior la sentencia dictada en él, siempre que los cónyuges
pongan aquélla en conocimiento del Tribunal que entienda
ó haya entendido en el litigio.—11º   Violación de la doc-
trina universalmente admitida, de que no pueden aplicarse
á un país determinado, otras leyes que las vigentes en
el mismo ; ó en otros términos, los pueblos se rigen por
sus propias leyes.—Los considerandos 3º y 9º de la sentencia
invocan leyes anteriores no comprendidas en las estatutorias
á que alude la sección 8ª de la ley dictada por el Congreso
de los Estados Unidos, á doce de Abril de mil novecientos.
—12ª   Infracción de la sección 8ª de la Ley Orgánica apro-
bada por el Congreso de los Estados Unidos en doce de Abril
de mil novecientos.—Dispone dicha sección que continúen
vigentes las leyes y ordenanzas imperantes en Puerto Rico
al publicarse la citada resolución del Congreso, salvo única-
mente aquellas que resultasen incompatibles ó en conflicto

con las leyes estatutorias federales no inaplicables local-
mente ó con los preceptos de la referida Ley Orgánica.—
Entre las leyes estatutorias de los Estados Unidos no existe
ninguna que regule el divorcio, materia de derecho privado
en cada Estado de la Unión, tiene perfecta autonomía legis-
lativa.—13º Violación del artículo 6º del Código Civil.—
Acuden los considerandos 3º y 9º á las opiniones de varios
autores para resolver la cuestión debatida.—El artículo
6º del Código Civil sólo reconoce como fuentes jurídicas la
ley, las costumbres y los principios generales del derecho.—
Queda infringido el precepto cuando se funda la sentencia,
no habiendo ley exactamente aplicable al caso, en las opi-
niones de los tratadistas; y los fundamentos del fallo apa-
recen apoyándose únicamente en el criterio de autores por
referencias á algunas leyes americanas inaplicables en Puerto
Rico.—14º Violación de la doctrina *Juxta allegata et pro-
bata,* sancionada por sentencias del Tribunal de España,
entre ellas las de veinte y seis de Junio de mil ochocientos
setenta y uno y siete de Marzo de mil ochocientos setenta y
dos.—Resultando: Que el Fiscal General Auxiliar, compa-
reció en este pleito, como exige la ley, pero no informó en
el acto de la vista.—Siendo Ponente el Juez Asociado Don
Louis Sulzbacher.—Considerando: Que los únicos puntos
que plantea el recurrente en su recurso de casación, y los
cuales el Tribunal tiene que considerar, son los errores de
hecho y de derecho en la apreciación de las pruebas y valor
probatorio alegado por el recurrente, y que las pruebas
practicadas ante el Tribunal de Distrito y parte de los autos
se encuentran en este Tribunal Supremo para su examen y
apreciación.—Considerando: Que el matrimonio entre el
recurrente y la recurrida está aceptado entre las partes y
consta además por prueba documental.—Considerando:
Que la Ley del Congreso de los Estados Unidos titulada
"Ley para proveer temporalmente de rentas y un Gobierno
Civil á la Isla de Puerto Rico y para otros fines", aprobada
en Abril doce de mil novecientos, en su sección 8ª declara

la competencia de los Tribunales de Puerto Rico para de-
cretar el divorcio absoluto por motivo de adulterio por parte
de cualquiera de los cónyuges, habiéndose así resuelto en el
pleito de María del Carmen de Marimón contra Francisco Pe-
legrí Rotger, recientemente fallado por este Tribunal, en sen-
tencia de Febrero veinte de mil novecientos dos, en que se
consignó y estableció la siguiente jurisprudencia :—"Es evi-
dente, é insostenible otra opinión, que cuando el Congreso
de los Estados Unidos dió á Puerto Rico un sistema de leyes,
que en muchos respectos estaban completamente en contra-
dicción con las leyes vigentes en la época del Tratado, era
claramente su intención que se asimilasen en principio y apli-
cación á las leyes que existen en los Estados Unidos ; y que
fuesen cumplidas y ejecutadas de acuerdo con los principios
establecidos en la jurisprudencia americana y sometidas á su
interpretación."—Considerando : Que esta jurisprudencia
ha de considerarse, por consiguiente, como ley en Puerto
Rico, para que sirva de norma á sus Tribunales ; y, por con-
siguiente, debe consultarse y aplicarse la jurisprudencia
americana en este caso, aun cuando en la apreciación de la
prueba en cuestiones de hecho en este asunto, la jurispru-
dencia española no se diferencia de modo notable de la de
los Estados Unidos.—Considerando: Que sólo hay dos puntos
de hecho que resolver por este Tribunal, y son : si la deman-
dada ha cometido adulterio ; y caso de que se haya probado
este hecho, si el demandante perdonó el delito y, como con-
secuencia, hubo una reconciliación.—Considerando: Que la
prueba del adulterio y sus circunstancias son de naturaleza
tan indecorosa, que el Tribunal se abstiene de expresar sus
detalles, consignándose en la demanda y estando corroboradas
por declaraciones de testigos, cuya veracidad no ha sido
tachada, y son sustancialmente como sigue :—La demandada
y su amante, el mencionado Becerra, fueron sorprendidos
como á media noche del once de Junio de mil ochocientos
noventa y nueve por dicho demandante, juntos en una
habitación del domicilio de los expresados cónyuges, á cuyos

hechos es de aplicarse la jurisprudencia americana que establece que por la naturaleza privada de la ofensa no puede exigirse prueba directa; sin perjuicio de lo cual, en el presente caso desaparece toda duda por el hecho de la escasa vestidura de la demandada y el traje desordenado é indecoroso de Becerra.—Considerando: Que como se ha indicado antes, no deben consignarse frases de las declaraciones que refieren los detalles de este vergonzoso asunto, que constituyó al esposo en testigo presencial del horrible espectáculo, de ver atropellada la santidad de su hogar, cuando se le creía durmiendo y cuando sus puros é inocentes hijos sonreían con felices é infantiles sueños bajo el techo sagrado, que una madre amante y pura y esposa cariñosa, fiel y casta, debe santificar con sus solemnes oraciones por la felicidad de su esposo é implorando la protección del Angel de la Guarda para sus hijos.—Considerando: Que la correspondencia entre la recurrida y Becerra y especialmente las cartas apasionadas y provocativas de la primera, no solamente justifican los cargos que se hacen en la demanda, sino que también ponen de manifiesto que el suceso de Junio once de mil ochocientos noventa y nueve, no fué el único en su clase y que las cartas de la esposa Angélica Franco y Soto á su esposo, Alberto Bravo, son sólo pruebas adicionales de culpabilidad.—Considerando: Que la mayoría del Tribunal del Distrito de Mayagüez, sin embargo, consideró los hechos relatados desde un punto de vista distinto y negativo, y se inclinó á aceptarlos solamente basándose en la teoría de que el esposo había condonado la ofensa, perdonándola, y que había surgido una reconciliación completa entre los cónyuges.—Considerando: Que fueron diversas las pruebas practicadas en el juicio oral para probar el perdón por el recurrente, remisión por su parte y reconciliación entre ambos; no siendo sin embargo estas pruebas de ningún modo afirmativas ni convincentes, sino más bien vagas, dudosas y principalmente de referencia.—Considerando: Que las cartas de Gigante á la recurrida, á las

cuales se les da gran importancia, no aclaran el punto de la reconciliación; sirviendo sólo para dar á dicha recurrida alguna esperanza; y siendo las mismas cartas en muchos conceptos enigmáticas, oscuras y misteriosas.—Considerando: Que las pruebas en conjunto, no son de naturaleza tal, que lleven al ánimo de este Tribunal la convicción de que el recurrente haya perdonado la ofensa ó que haya ocurrido tal reconciliación; debiendo tenerse presente la doctrina siguiente :—"El mero perdón del agravio no es suficiente, sino que es preciso que continúe la unión de las partes y se restablezcan todos los derechos conyugales."— *Am. Engl. Ency. of Law.*—Y, además, que condonación significa borrar la ofensa imputada, de modo que el ofensor vuelva á ocupar la misma posición que él ó ella ocupaba antes de que se cometiera la ofensa.—La palabra "perdón," según se emplea generalmente en el idioma inglés, no expresa todo el significado de la palabra "remisión."—"Una persona puede perdonar en el sentido de no tener resentimiento ó no tratar de castigar, sin que en manera alguna sea su intención restablecer al ofensor en la situación que ocupaba."—*Am. Engl. Ency. of Law.*—Considerando : Que el Tribunal Supremo de España, en sentencia de Junio veinte y tres de mil ochocientos setenta y cuatro, en una causa criminal por adulterio, seguido por el marido contra su esposa, se expresó en los siguientes términos :—" Considerando : Que respecto al recurso interpuesto en nombre de ——— y su primer fundamento, que los hechos admitidos como probados en la sentencia que es objeto del recurso, de las cartas amorosas dirigidas mutuamente entre los procesados, sus citas y entrevistas en diferentes sitios, especialmente en la casa pública de citas, demuestran sin dejar duda, no sólo su trato ilícito, sino los actos que constituyen adulterio y son consiguientes á esas relaciones."—"Considerando : En lo referente al segundo fundamento, que por los hechos de continuar la procesada en la habitación de su marido, acompañarla éste en los paseos, teatro, después de haber

sido sorprendida con el......no se infiere el consentimiento de su infidelidad, ni el perdón, ni menos en el caso presente, cuando ha formalizado querella y continuado parte en la causa para la imposición de pena, y siéndolo aún en este recurso." Y que aun cuando esta doctrina fué consignada en causa criminal seguida por el marido y el presente pleito es por divorcio, son casos análogos y es por consiguiente aplicable, con la observación de que dicha doctrina tiene más extensión que la jurisprudencia americana consignada. —Considerando: Que en atención á las doctrinas que anteceden, el Tribunal no puede declarar suficientemente probadas las alegaciones de perdón, reconciliación ó remisión de la recurrida, cuyos hechos tienen que acreditarse con pruebas tales que no dejen duda de ninguna clase, y tomando en consideración todas las pruebas y las leyes aplicables á las mismas, debe decidirse que la recurrida ha incurrido en adulterio, y que no ha presentado pruebas suficientes de remisión, perdón, ó reconciliación.—Considerando: Que el matrimonio no es sólo relación particular, sino también institución pública, estando basado el bienestar de la sociedad en su pureza é integridad; y que no es de admitirse que el cónyuge ofendido sufra la humillación y suplicio de continuar viviendo en compañía del que ha deshonrado la unión, ni deben los hijos criarse ni educarse por el padre ó madre que haya deshonrado el hogar, por no ser digna de tan alta misión la persona que por sus malas acciones ha hecho oscurecer el porvenir de esos hijos.—Fallamos: Que debemos declarar y declaramos con lugar el recurso de casación interpuesto, y, en su consecuencia, casamos y anulamos la sentencia recurrida; y con la que á continuación se dicta comuníquese al Tribunal de Mayagüez, á los efectos procedentes.—Así, por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. MacLeary.

"En la Ciudad de San Juan de Puerto Rico, á dos de Abril de mil novecientos dos, en el pleito seguido en el Tribunal de Distrito de Mayagüez, por Alberto Bravo y González, vecino de Mayagüez, y María de los Angeles ó Angélica Franco y Soto, sobre divorcio, en cuyo pleito dictó sentencia el expresado Tribunal que ha sido casada en esta fecha, en virtud de recurso de casación por infracción contra la misma, interpuesto por la parte demandante.—Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Reproduciendo los fundamentos de hecho de la sentencia casada y los de hecho y de derecho de la de casación,—Considerando: Que por tales fundamentos es procedente la demanda de Alberto Bravo y González, el que suplica en la misma se decrete el divorcio de él y su esposa María de los Angeles ó Angélica Franco y Soto, y se pongan los hijos procreados en dicho matrimonio bajo la potestad y protección del marido, sin especial condenación de costas.—Vistas las disposiciones legales citadas en la sentencia de casación.—Fallamos: Que debemos declarar y declaramos con lugar la demanda interpuesta por Alberto Bravo y González, en los propios términos en que ha sido formulada la súplica de la misma, sin especial condenación de costas; y los vínculos de matrimonio antes existentes entre las partes demandantes y demandada, quedan por esta sentencia para siempre disueltos, y pónganse los hijos procreados en dicho matrimonio bajo la potestad y protección de dicho Alberto Bravo y González.—Así por esta nuestra sentencia irrevocablemente juzgando, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leídas y publicadas fueron las anteriores sentencias por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico á dos de Abril de mil novecientos dos.— Antonio F. Castro, *Secretario*."